UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LANDING GEAR SHIPPED TO GQ SOLUTION ELECTRONICK EKIPMAN LIMITED,<br><br>Defendants In Rem. | Civil Action No. 24-cv-1274 |

### UNITED STATES' VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, Plaintiff, the United States of America, by and through the United States Attorney for the District of Columbia, which alleges as follows and brings this verified complaint for forfeiture in a civil action *in rem* against a set of aircraft landing gear, valued at $1,550,000, that was sold by HML Aviation Services LLC ("HML") to RM Design and Development LLC ("RMDD") and GQ Solution Electronick Ekipman Limited ("GQ").

### NATURE OF ACTION AND THE PARTIES

1. This action arises out of an investigation by Homeland Security Investigations ("HSI") into the sale of aircraft parts by a U.S.-based company, HML, to a sanctioned entity, in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq*.

2. Because the aircraft parts constitute the proceeds of the IEEPA violation, they are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C).

1

**DEFENDANTS IN REM**

3. The defendants *in rem* comprise a set of aircraft landing gear parts including Nose Landing Gear, Part Number 162A1100-5, LH Main Landing Gear, Part Number 161A1100-39, and RH Main Landing Gear, Part Number 161A1100-40, as described in Purchase Order P060623-01 from HML to GQ dated June 6, 2023 (collectively, "the aircraft parts").

4. The aircraft parts were seized by Customs and Border Protection at Miami International Airport on November 17, 2023, and are currently in the government's possession in Miami, Florida.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and 18 U.S.C. § 981(a)(1)(C).

6. Venue is proper pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b)(2) because acts or omissions giving rise to the forfeiture took place in the District of Columbia. Specifically, the parties to the contract pursuant to which the aircraft parts were sold violated IEEPA when they failed to seek or obtain required licenses from the Department of the Treasury's ("Treasury's") Office of Foreign Assets Control ("OFAC"), which is located in Washington, D.C., to conduct transactions for the benefit of or on behalf of a sanctioned entity.

7. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this Complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## STATUTORY FRAMEWORK

I.     IEEPA

8.     IEEPA, enacted in 1977, authorizes the President to impose economic sanctions in response to an unusual or extraordinary threat, which has its source in whole or substantial part outside the United States, to the national security, foreign policy, or economy of the United States when the President declares a national emergency with respect to that threat.

9.     The Department of the Treasury enforces and administers economic sanctions to accomplish U.S. foreign policy and national security goals. OFAC publishes a publicly available list of individuals and entities ("Specially Designated Nationals and Blocked Persons" or "SDNs") targeted by U.S. economic sanctions. SDNs' property and interests in property, subject to U.S. jurisdiction or in the possession and control of U.S. persons, are blocked when they are designated as SDNs. U.S. persons, including U.S. financial institutions, are broadly prohibited from dealing with SDNs and their property and interests in property, subject to limited exceptions.

10.    On July 20, 2023, OFAC designated RMDD as an SDN pursuant to Executive Order 14024 for operating or having operated in the technology sector of the Russian Federation economy. According to OFAC, RMDD – which was established in March 2022, less than one month following the Russian invasion of Ukraine – "is a Kyrgyz Republic-based seller of electronic and telecommunication equipment and parts. Since its founding last year, RMDD has been a prolific shipper of dual-use goods to Russia, including to firms that have supplied electronics to Russia-based defense companies."

11.    It is a violation of IEEPA to engage in the sale of merchandise to an SDN without obtaining a license to do so from OFAC.

## II. FORFEITURE STATUTES

12. Title 18, United States Code, Section 981(a)(1)(C) authorizes the *in rem* forfeiture of any property constituting the proceeds of a "specified unlawful activity." A violation of IEEPA is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(D).

13. The aircraft parts constitute the proceeds of the IEEPA violation that occurred when HML sold the aircraft parts to GQ, for the benefit of RMDD (an SDN), without either party obtaining a license from OFAC.

## FACTS GIVING RISE TO FORFEITURE

### I. BACKGROUND

14. HML is a business located at 12000 NW 45th Avenue, Opa-Locka, FL 33054. Among other things, HML engages in the business of buying aircraft parts in need of maintenance or overhaul, performing the needed maintenance or overhaul services, and selling the refurbished parts on the open market.

15. RMDD is a business located at Ch. Aitmatov STR. 303, Bishkek 720016, Kyrgyz Republic.

16. GQ is a business located in Istanbul, Turkey.

17. On July 20, 2023, OFAC designated RMDD as an SDN pursuant to Executive Order 14024 for operating or having operated in the technology sector of the Russian Federation economy. According to OFAC, RMDD, which was established in March 2022, less than one month following the Russian invasion of Ukraine, is a "seller of electronic and telecommunication equipment and parts. Since its founding… RMDD has been a prolific shipper of dual-use goods to Russia, including to firms that have supplied electronics to Russia-based defense companies." *See* U.S. Department of the Treasury, "Treasury Sanctions Impede Russian Access to Battlefield

Supplies and Target Revenue Generators" (July 20, 2023), *available at* https://home.treasury.gov/news/press-releases/jy1636.

18. As a result of RMDD's designation as an SDN, all property and interests in property of RMDD that are in the United States or in the possession or control of U.S. persons are blocked. All transactions by U.S. persons or within (or transiting) the United States that involve any property or interests in property of RMDD are prohibited unless exempt or authorized by a general or specific license issued by OFAC. These prohibitions include the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of RMDD and the receipt of any contribution or provision of funds, goods, or services from RMDD. *See id*.

## II.   THE LANDING GEAR TRANSACTION

19. HML's relationship with RMDD began in 2022, prior to RMDD's designation as an SDN, when RMDD purchased a previous landing gear (which is not a defendant in this action) from HML. The purchase of that landing gear was finalized prior to early 2023. RMDD contacted HML in February 2023 regarding a warranty claim with respect to the first landing gear that was purchased. During this exchange, an employee of HML notified RMDD that HML had two 737-800 landing gear sets "coming in for overhaul" in the first week of March. RMDD responded to this message on February 28, 2023, saying, "I have checked and there is no open request for [a landing gear] right now, but we can consider and force the purchase of one more in case the condition…is good. So please send a mini pack once available, I'll try to discuss."

20. On March 29, 2023, RMDD asked again about the available landing gears, saying, "Also you mentioned that you have two [landing gear] sets for sale, please provide **us with a quotation and ppw**" (emphasis in original). On the same day, HML sent price quotations for the two 737-800 landing gears: $1.55 million for MSN (Manufacturer Serial Number) 28647 and $1.65 million for MSN 30515.

21. On May 31, 2023, RMDD contacted HML to ask if MSN 30515 was available for sale. After some negotiation concerning price, RMDD sent Purchase Order #06062023-01 to HML on June 6, 2023 for MSN 30515 at the discounted price of $1,550,000. On June 7, 2023, HML sent RMDD pro forma invoice 2365, which listed a truncated Purchase Order #P060623-01 and the three landing gear components that constitute the defendant property. The invoice also identified the "bill to" party as RMDD and the "ship to" party as RMDD and GQ, "c/o" RMDD. A revised invoice sent later on June 7, 2023 at the direction of RMDD changed the listed "bill to" party from RMDD to GQ, "c/o" RMDD. On June 13, 2023, RMDD confirmed that payment of the $100,000 deposit for the defendant property, required pursuant to invoice 2365, was sent to HML by GQ.

22. On July 25, 2023, five days after being designated as an SDN by OFAC, RMDD sent an email to HML stating that RMDD "would like to switch [the purchase] fully to our partners GQ SOLUTION." The next day, GQ sent HML a revised invoice that removed all references to RMDD.

23. On August 29, 2023, GQ completed HML's End Use/End User Certification form. Among the items included in the form are statements that GQ "will not export or re-export U.S. products, technology or software… to any restricted country unless otherwise authorized by the United States Government," and that GQ "will abide by all applicable U.S. export control laws and regulations for any products purchased from [HML] and will obtain any licenses or prior approvals required by the U.S. Government prior to export or re-export of U.S. products, software or technology."

24. HML received payment for the defendant property from GQ, and on or about August 30, 2023, GQ arranged for a freight forwarding company to take custody of the defendant property for the purpose of shipping it to Istanbul. On September 1, 2023, however, the freight

forwarding company was advised by U.S. Customs and Border Protection ("CBP") that CBP had detained the shipment at the Miami Airport.

25. At no time did HML, RMDD, GQ, or any other party to this transaction obtain a license from OFAC to authorize the sale of the defendant property to, or for or on behalf of, RMDD after it was designated as an SDN.

**COUNT ONE—FORFEITURE**
**(18 U.S.C. § 981(a)(1)(C))**

26. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 25 above as if fully set forth herein.

27. As described above, the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as the proceeds of an IEEPA violation; specifically, the property was purchased on behalf of or for the benefit of RMDD, an SDN, and was being shipped to GQ on behalf of RMDD in violation of U.S. economic sanctions implemented pursuant to IEEPA when it was detained at the Miami Airport *en route* to Istanbul.

\* \* \*

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the Complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated: May 1, 2024
      Washington, D.C.

      Respectfully Submitted,

                                Matthew M. Graves
                                United States Attorney
                                D.C. Bar Number 481052

                   By: */s/ Conor Mulroe*
                                Conor Mulroe
                                Assistant U.S. Attorney
                                NY Bar Number 5289640
                                United States Attorney's Office
                                601 D Street, NW, 5th Floor
                                Washington, D.C. 20530
                                (202) 740-4595
                                Conor.Mulroe@usdoj.gov

## **VERIFICATION**

I, Thomas Tamsi, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement representatives and that everything represented herein is true and correct.

Executed on this 1st day of May, 2024.


  */s/ Thomas Tamsi*
Special Agent Thomas Tamsi
Homeland Security Investigations